Robert C. Huntley ISB#894 (Of Counsel)
Mary R. Grant ISB #8744
THE HUNTLEY LAW FIRM, PLLC
950 W. Bannock St., Suite 600
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234
rhuntley@huntleylaw.com
mgrant@huntleylaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES L. DAYE, | Case No.   1:19-cv-26 |
| Plaintiff, | **Complaint** |
| v. | **And** |
| | **Demand for Jury Trial** |
| NAMPA SCHOOL DISTRICT # 131, | |
| Defendants. | |

Plaintiff as his claim alleges:

1. This action is brought under the Title VII of the Civil Rights Act of 1964 on behalf of James Daye against Nampa School District # 131 (Hereinafter "Nampa").

### JURISDICTION AND VENUE

**2.** This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §2000e-5(f)(3), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Defendants have deprived Plaintiff of both substantive and procedural due process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution as enforced by 42 U.S.C. §1983.

3. Venue is proper in this Court pursuant to 42 U.S.C. §2000e because this is the judicial district in which the unlawful employment practice is alleged to have been committed, where the employment records relevant to such practice are maintained and administered, and in which the aggrieved person would have worked, but for the alleged unlawful employment practice.

4. The amount in controversy exceeds the sum of $300,000 exclusive of interest, attorney fees, and costs.

5. Plaintiff has exhausted all Administrative Remedies and has received a Right-to-Sue letter from the EEOC and this filing is within 90s day of the date thereof

## PARTIES

6. The Plaintiff:  The Plaintiff, James L. Daye, was at all times mentioned herein, a resident of the State of Idaho, and was a former employee of Nampa.

7. The Defendants:  The Defendant Nampa School District #131 was and is at all times relevant hereto an established school district, validly organized and existing, as a body corporate and politic under the laws of the State of Idaho.

## STATEMENT OF THE FACTS

8. James L. Daye (hereinafter "Daye") was employed by Nampa as the Girls Junior Varsity Head Coach during the 2016-2017 school year.  In May 2017, he applied for and was verbally awarded the position of Boys Varsity Head Coach by the duly authorized Nampa administrators.  He accepted the offer and conducted training of the boys in June and for the scheduled summer tournaments. Daye was not tendered a written contract at that time because

the standard District practice was and is to issue teaching and coaching written contracts on or about August 1st of each year.

9. On or about July 25, 2017, Daye's offered and accepted employment was wrongfully withdrawn by the new incoming Nampa administrators and their subordinates. He was wrongfully terminated based on his race as an African American, despite the fact that he had been an exemplary coach the prior season and the summer training camp for the Varsity Boys, was the most well-qualified candidate for the position, and had already demonstrated vast improvements in the individual boys basketball players' skills and the team as a whole.

10. Subsequently, Daye addressed and corrected the pretextual grounds offered for the withdrawal of the employment offer. Nampa wrongfully failed to reinstate his employment on the basis of race.

11. Daye's lost wages from Nampa School District for the 2017-2018 school year totaled approximately $6,041.00, and he lost benefits for the 2017-2018 school year were in an amount to be determined and his lost wages and benefits for the 2018-2019 school year and succeeding years are approximately $8,000 per year.

12. Daye's has incurred a loss in past and future income to his coaching business outside of employment with Nampa, due to the wrongful termination in an amount to be determined.

13. Accordingly, as a direct result of his wrongful termination, Daye has suffered general and emotional damages in excess of $300,000.

14. As a result of his wrongful termination, Daye is entitled to receive compensation for his lost past and future income and benefits, emotional damages, together with costs and

reasonable attorney fees under Title VII of the Civil Rights Act of 1964, and under Title 42 USC Sections 1983 and 1988.

WHEREFORE, Plaintiff prays judgment as follows:

1. For past and future loss of income and benefits in an amount to be determined at trial; and

2. For past and future emotional and general damages in an amount to be determined at trial; and

3. For reasonable attorney fees and costs; and.

4. For such other and further relief as may be meet and equitable in the premises.

**Plaintiff hereby demands a trial by jury**.

DATED this 24th day of January, 2019.

THE HUNTLEY LAW FIRM, PLLC

/s/ *Robert C. Huntley*
Robert C. Huntley, Of Counsel

DATED this 24th day of January, 2019.

THE HUNTLEY LAW FIRM, PLLC

/s/ *Mary R. Grant*
Mary R. Grant

Complaint and Demand for Jury Trial - 4