Brian K. Julian – ISB No. 2360
Bret A. Walther - ISB No. 4721
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:   bjulian@ajhlaw.com
          bwalther@ajhlaw.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES L. DAYE<br><br>Plaintiff,<br><br>vs.<br><br>NAMPA SCHOOL DISTRICT NO. 131<br><br>Defendant. | Case No.: 1:19-cv-26<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW the above-entitled Defendant, Nampa School District No. 131, by and through its attorneys of record, Anderson, Julian & Hull, LLP, and answers Plaintiff's Complaint and Demand for a Jury Trial ("Complaint") as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Defendant denies each and every allegation of the Complaint not expressly and specifically admitted herein.

ANSWER AND DEMAND FOR JURY TRIAL - 1

**I.**

With respect to the allegations set forth in Paragraph 1 of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied that pertain to Defendant, all such allegations are denied.

**JURISDICTION AND VENUE**

**II.**

With respect to the allegations set forth in Paragraph 2 of the Complaint, Defendant admits only that jurisdiction is proper in this Court. With respect to the remaining allegations set forth therein, only legal conclusions are asserted to which a response is not required. To the extent factual allegations are asserted or implied that pertain to Defendant, all such allegations are denied.

**III.**

With respect to the allegations set forth in Paragraph 3 of the Complaint, Defendant admits only that venue is proper in this Court. With respect to the remaining allegations set forth therein, only legal conclusions are asserted to which a response is not required. To the extent factual allegations are asserted or implied that pertain to Defendant, all such allegations are denied.

**IV.**

With respect to the allegations set forth in Paragraph 4 of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied that pertain to Defendant, all such allegations are denied.

**V.**

With respect to the allegations set forth in Paragraph 5 of the Complaint, Defendant

admits that on or about November 6, 2018, the EEOC issued its Right-to-Sue letter to Plaintiff, and that the filing of the Complaint is within the ninety (90) day period set forth in the EEOC "Notice of Suit Rights." With respect to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

## PARTIES

### VI.

With respect to the allegations set forth in Paragraph 6 of the Complaint, Defendant admits that Plaintiff was, at all times mentioned herein, a resident of the United States, and that he served as the Girls Junior Varsity Head Basketball Coach for the Nampa School District during the 2016-2017 school year. Defendant denies each and every remaining allegation, whether asserted or implied, set forth therein.

### VII.

With respect to the allegations set forth in Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

## STATEMENT OF THE FACTS

### VIII.

With respect to the allegations set forth in Paragraph 8 of the Complaint, Defendant admits Plaintiff was employed by the Nampa School District as the Girls Junior Varsity Head Basketball Coach during the 2016-2017 school year. Defendant also admits that in May of 2017, Plaintiff applied to be the Head Coach of the Nampa High School's Boys Varsity Basketball Team, and admits that Plaintiff was not provided a written contract. Defendant further admits that Plaintiff worked with some of the players in June of 2017 in connection with the summer

basketball tournaments. Defendant denies each and every remaining allegation set forth therein.

IX.

With respect to the allegations set forth in Paragraph 9 of the Complaint, Defendant admits that as a result of misrepresentations made by Plaintiff on his application for employment, administration's pending offer, which had not yet been memorialized in a written contract, nor approved by the Nampa School District Board of Trustees, was withdrawn. Defendant admits that, but for Plaintiff's material misrepresentations on his application for employment, Plaintiff was qualified to serve as the Varsity Boys Head Basketball Coach, and that he was a capable basketball coach. Defendant denies each and every remaining allegation contained therein.

X.

With respect to the allegations set forth in Paragraphs 10, 11, 12, 13 and 14 of the Complaint, Defendant denies the allegations contained therein.

PRAYER

XI.

With respect to Plaintiff's Prayer, Defendant denies that Plaintiff is entitled to any such relief.

### THIRD DEFENSE

Plaintiff was guilty of intentional misconduct at the time of, and in connection with, the matters and damages alleged, which misconduct on his part proximately caused and contributed to the events alleged in the Complaint, as well as the alleged damages, if any.

### FOURTH DEFENSE

Plaintiff has, and continues to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this action, and has failed to mitigate said damages,

if any were in fact incurred.

## FIFTH DEFENSE

Defendant complied with and performed all terms and conditions of the contract Plaintiff entered into with the District for the 2016-2017 school year, and the employment relationship between the parties was carried out in full by Defendant in accordance with said agreement, which expired by its terms following the 2016-2017 Girls Junior Varsity Basketball season.

## SIXTH DEFENSE

At all times, Defendant's conduct was performed in good faith, without malice, with probable cause and was fully justified and reasonable under the circumstances.

## SEVENTH DEFENSE

The allegations in Plaintiff's Complaint do not rise to the level of a deprivation of rights protected by the United States Constitution or any other federal law, or any other legal provisions referred to in the Complaint.

## EIGHTH DEFENSE

At all times Defendant acted in a reasonable and prudent manner satisfying all duties, if any, that they owed under the circumstances pursuant to the rules, regulations, statutes, ordinances, customs, policies and usages of the state of Idaho, the United States of America, and/or the Nampa School District.

## NINTH DEFENSE

The acts or omissions alleged by Plaintiff did not arise as a result of, nor was there any agreement, understanding, or policy, by Defendant which deprived Plaintiff of any civil right.

## TENTH DEFENSE

The damages, if any, as alleged by Plaintiff were caused by the superseding, intervening

conduct of Plaintiff and/or other entities or individuals.

### ELEVENTH DEFENSE

Plaintiff's damages, if any, were proximately caused by the superseding, intervening negligence, omissions or actions of third persons not in Defendant's control, and that any negligence or breach of duty by Defendant, if any, was not a proximate cause of Plaintiff's alleged damages. In asserting this defense, Defendant does not admit to any negligent or other blameworthy conduct.

### TWELFTH DEFENSE

Plaintiff has failed to allege actions by Defendant which constitute deprivation of Plaintiff's substantive and procedural due process rights protected by the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTEENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed in the course of additional investigation and discovery, including without limitation, comparative fault, statute of limitations, waiver/estoppel, superseding/intervening cause, negligence of a third-party not in Defendant's control, and setoff.

### REQUEST FOR ATTORNEY FEES

To defend this action, Defendant has been required to retain the services of Anderson, Julian & Hull, LLP, and is entitled to recover its attorney fees and costs incurred herein pursuant to 42 USC §1988, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statute, rule, or regulation.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Local Rule 38.1 of

the District of Idaho Local Rules of Civil Procedure, Defendant hereby demands trial by jury as to all issues so triable in this matter.

WHEREFORE, Defendant prays for Judgment as follows:

1. That the Complaint and Demand for Jury Trial be dismissed with prejudice and that Plaintiff takes nothing thereby;

2. For Judgment against Plaintiff and in favor of Defendant, including an award of costs and attorney fees incurred in the defense of this matter; and

3. For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this __31__ day of January, 2019.

ANDERSON, JULIAN & HULL LLP

By /s/ Brian K. Julian
Brian K. Julian, Of the Firm
Bret A. Walther, Of the Firm
Attorneys for Plaintiff

ANSWER AND DEMAND FOR JURY TRIAL - 7

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this __31__ day of January, 2019, I served a true and correct copy of the foregoing **ANSWER AND DEMAND FOR JURY TRIAL** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Robert C. Huntley<br>Mary R. Grant<br>THE HUNTLEY LAW FIRM, PLLC<br>950 W. Bannock Street, Suite 600<br>P.O. Box 2188<br>Boise, ID 83701<br>T: (208) 388-1230<br>F: (208) 388-0234<br>E: rhuntley@huntleylaw.com<br>E: mgrant@huntleylaw.com<br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ E-Mail<br>☒ ECF |

_/s/ Brian K. Julian_
Brian K. Julian
Bret A. Walther

ANSWER AND DEMAND FOR JURY TRIAL - 8