UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| JAMES L. DAYE,<br><br>        Plaintiff,<br><br>   v.<br><br>NAMPA SCHOOL DISTRICT NO. 131,<br><br>        Defendant. | No. 1:19-cv-00026 WBS |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 5, 2019, and makes the following findings and orders without needing to consult with the parties any further.

I. SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown

1

1  under Federal Rule of Civil Procedure 16(b).
2  II.   JOINDER OF PARTIES/AMENDMENTS
3           No further joinder of parties or amendments to
4  pleadings will be permitted except with leave of court, good
5  cause having been shown under Federal Rule of Civil Procedure
6  16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604
7  (9th Cir. 1992).
8  III.  JURISDICTION/VENUE
9           Jurisdiction is predicated upon federal question
10 jurisdiction, because plaintiff asserts his claim under Title VII
11 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
12 Venue is undisputed and hereby found to be proper.
13 IV.   DISCOVERY
14          The parties have already exchanged the initial
15 disclosures required by Federal Rule of Civil Procedure 26(a)(1).
16          Plaintiff shall disclose experts and produce reports in
17 accordance with Federal Rule of Civil Procedure 26(a)(2) by no
18 later than September 20, 2019.  Defendant shall disclose experts
19 and produce reports in accordance with Federal Rule of Civil
20 Procedure 26(a)(2) by no later than October 21, 2019.  With
21 regard to expert testimony intended solely for rebuttal, those
22 experts shall be disclosed and reports produced in accordance
23 with Federal Rule of Civil Procedure 26(a)(2) on or before
24 November 4, 2019.
25          All discovery, including depositions for preservation
26 of testimony, is left open, save and except that it shall be so
27 conducted as to be completed by November 19, 2019.  The word
28 "completed" means that all discovery shall have been conducted so

that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.

V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before February 10, 2020.

Upon filing any motion in this case, counsel shall contact the undersigned's courtroom deputy, Karen Kirksey Smith, at KKirkseySmith@caed.uscourts.gov, to calendar a hearing on the motion.  Leave of court need not be sought in order to file any memorandum in excess of the page limits in Idaho Local Rule 7.1 in any non-discovery motion.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for April 27, 2020, at 2:30 p.m. (MST).  (Courtroom to be determined.)  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Fourteen days prior to the scheduled Pretrial Conference, counsel shall file separate pretrial statements.  In the pretrial statements, counsel shall address the following matters, under the following captions and in the following order:

(1) **Jurisdiction and Venue.**  The factual and statutory

1 | basis of federal jurisdiction and venue and whether there is any
2 | dispute concerning jurisdiction or venue.
3 |             (2) **Jury / Non-Jury.**  Whether the party has demanded a
4 | jury trial of all or any of the issues or, if not, whether a
5 | demand for jury trial made by any other party is conceded or
6 | contested.  If the case is to be tried to a jury, the parties
7 | shall also prepare a succinct statement of the case, which is
8 | appropriate for the court to read to the jury.
9 |             (3) **Remaining Claims.**  A list of the remaining claims
10 | as against each defendant and any remaining affirmatively pled
11 | defenses thereto.
12 |             (4) **Trial Estimate.**  The estimated number of trial
13 | days.
14 |             (5) **Dispositive Motions.**  A plain, concise statement
15 | that identifies every non-discovery motion that has been made to
16 | the court and its resolution.
17 |             (6) **Relief Sought.**  The elements of monetary damage, if
18 | any, and the specific nature of any other relief sought.
19 |             (7) **Witnesses.**  A list (names and addresses) of all
20 | prospective witnesses, whether offered in person or by deposition
21 | or interrogatory, designating those who are expert witnesses.
22 | Only witnesses so listed will be permitted to testify at the
23 | trial, except as may be otherwise provided in the pretrial order.
24 |             (8) **Exhibits - Schedules and Summaries.**  A list of
25 | documents or other exhibits that the party expects to offer at
26 | trial.  Only exhibits so listed will be permitted to be offered
27 | at trial except as may be otherwise provided in the pretrial
28 | order.

            (9) **Discovery Documents.** A list of all portions of depositions, answers to interrogatories, and responses to requests for admission that the party expects to offer at trial.

            (10) **Further Discovery or Motions.** Any requests for further discovery or pretrial motions.

            (11) **Stipulations.** Any stipulations requested or offered for pretrial or trial purposes.

            (12) **Amendments - Dismissals.** Any requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

            (13) **Settlement Negotiations.** A statement whether settlement negotiations between parties and/or a court settlement conference would be helpful.

            (14) **Attorneys' Fees.** A statement whether attorneys' fees are sought and the time and manner in which they are to be ascertained.

            (15) **Trial Exhibits.** Any special handling of trial exhibits and a statement of advisability of court retention of exhibits pending appeal decision.

            (16) **Miscellaneous.** Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including references to any matters set forth in Federal Rule of Civil Procedure 16(c).

        Upon filing the Pretrial Statement, counsel shall also email an electronic copy to the undersigned's courtroom deputy, Karen Kirksey Smith, at KKirkseySmith@caed.uscourts.gov.

VII. <u>TRIAL SETTING</u>

        A jury trial is set for June 23, 2020 at 9:00 a.m.

(MST).  (Courtroom to be determined.)  The parties estimate that the trial will last five days.

VIII.     ADR & SETTLEMENT CONFERENCE

The parties are directed to contact Emily Donnellan, the ADR Administrator, at (208) 334-9545 or emily_donnellan@LB9.uscourts.gov on or before October 7, 2019 to discuss the Court's ADR options.  The parties shall file an ADR plan with Emily Donnellan no later than November 12, 2019.

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

All requests to modify the dates or terms of this Scheduling Order shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:   July 25, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE